■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND WATERMAN, Appellant.— Order unanimously reversed on the law and facts and matter remitted to the Onondaga County Court for further proceedings in accordance with the memorandum. Memorandum: The defendant was sentenced as a third felony offender in 1941 and was sentenced as a fourth felony offender in 1957. Thereafter in *coram nobis* one of the two convictions relied upon as a basis for his third and fourth offender sentences was vacated. He was thereupon resentenced on the 1957 conviction as a third felony offender, but he was not resentenced on the 1941 conviction. This application to be resentenced

as a second, instead of as a third, felony offender on that conviction was then made to the court. The court denied it, on the ground that the sentence imposed by the court was not in excess of what could have been given him as a second felony offender. From the order denying the applicaton this appeal is taken. For purposes of appeal we treat the order as one denying an application for a writ of error *coram nobis* from which an appeal lies. (Code Crim. Pro., § 517.) We consider *People* v. *Sidoti* (1 A D 2d 232) to have been overruled insofar as it holds to the contrary. The courts have expanded the scope of the writ of error *coram nobis* beyond its original purpose to include cases in which a second or fourth felony offender asserts the invalidity of a prior conviction even though such invalidity is not ascribable to an error of fact not apparent on the record. (*People* v. *Sullivan*, 3 N Y 2d 196, 199; *People* v. *Shaw*, 1 N Y 2d 30; *People* v. *Kronick*, 308 N Y 866.) Defendant alleges that he is still serving the sentence imposed on his 1941 conviction. The trial court should determine whether or not he is now serving that sentence. If he has completed serving his sentence imposed under the 1941 conviction, his motion would necessarily be denied, because he could receive no credit for time served under that conviction to apply on the sentence imposed under the 1957 conviction (*People* v. *Kowalsky*, 2 A D 2d 938, affd. 2 N Y 2d 949) and the question would be academic. (*People ex rel. Walker* v. *People*, 3 A D 2d 623.) If, however, he is still serving his sentence as a third felony offender, under the 1941 conviction, the County Court should resentence him thereunder as a second felony offender. Despite the fact that the same punishment could be imposed for a second offense as for a third offense, the defendant would, nevertheless, be entitled to be sentenced as a second offender rather than as a third offender. (*People* v. *Shaw*, 1 N Y 2d 30; *People* v. *Begue*, 1 A D 2d 289; *People* v. *Gifford*, 2 A D 2d 642; *People* v. *French*, 5 A D 2d 852.) (Appeal from order of Onondaga County Court denying defendant's application to vacate his sentence as a third felony offender and for a resentence.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.